**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| HAND & NAIL HARMONY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-455-DGK |
| | ) | |
| RICHARD LEE SIMS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER

This case involves the unauthorized downloading of confidential data from a computer. Plaintiff Hand & Nail Harmony, Incorporated ("Harmony") contends that Defendant Richard Lee Sims ("Sims") surreptitiously accessed and downloaded files from the computer of Harmony's Vice President and Sims' estranged wife Gari-Dawn Tingler ("Tingler"). Harmony filed suit alleging that Sims' actions violated the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, and the Missouri Computer Tampering Act ("MCTA"), Mo. Rev. Stat. §§ 537.525, 569.095-569.099.

Now before the Court is Harmony's motion for an ex parte temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b) (Doc. 4). Harmony contends that an ex parte temporary restraining order ("TRO") is warranted because Sims has already revealed confidential information recovered from the computer to a third party, and he has threatened to continue revealing similar information to others. Attached to the motion are two affidavits: one from Harmony's counsel in which he avers that he contacted Sims' attorney a week before filing the TRO, and another from Tingler in which she avers that Sims told her he revealed confidential information and he would continue to do so. After careful consideration of the filings,

Harmony's motion for an ex parte temporary restraining order is DENIED WITHOUT PREJUDICE.

An ex parte restraining order is an extraordinary remedy which is only warranted in narrow circumstances. *Zidon v. Pickrell*, 338 F. Supp. 2d 1093, 1094-95 (D.N.D. 2004) ("It is well-established under federal law that a temporary restraining order is an emergency remedy which should only be issued in exceptional circumstances."). To demonstrate entitlement to this emergency remedy, a movant must present:

> [S]pecific facts in an affidavit or a verified complaint [which] *clearly* show that *immediate and irreparable* injury, loss, or damage *will* result to the movant *before* the adverse party can be heard in opposition; and

> [A writing by the movant's attorney that certifies] any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B) (emphasis added).

Plaintiff has not carried this heavy burden. First, Tingler's affidavit does not satisfy the stringent requirements of Rule 65(b)(1)(A). Rather than clearly showing an immediate risk of injury, the affidavit from Tingler only states a possibility that injury may occur. Although she avers that Sims revealed the information to a third party and threatened to continue doing so, Tingler fails to provide the Court with enough information for it to conclude that immediate injury will result. For example, she does not specify who Sims allegedly revealed the information to, or who he plans to reveal to in the future. Without more specific information, the Court cannot reasonably conclude that immediate injury will result to Harmony. Moreover, it is unclear whether the disclosure of the information would even lead to an irreparable injury, given the possibility that Harmony may be able to recover damages from Sims or any knowing recipient of the information. *See* Mo. Rev. Stat. §§ 537.525, 569.055, 569.099. Finally, it is unclear whether this alleged harm would occur before Sims is given a chance to respond to the

motion. On the contrary, considering Harmony's counsel's prior discussions with Sims' divorce attorney, it appears he could also notify him of the TRO prior to Sims disclosing any further information.

With respect to the second prong of Rule 65(b)(1), Harmony's counsel has not certified *why* notice should not be required in these circumstances. According to his affidavit, approximately one week ago he notified Sims' divorce attorney of the complaint and that he *may* file a TRO. Given this prior contact, it is obvious that he could now notify Sims' attorney of the *actual* filing of the TRO. Without proof that notice is impracticable or impossible, Plaintiff has not satisfied the requirements for an ex parte temporary restraining order. Because Plaintiff has failed to demonstrate its right to this extraordinary remedy, Plaintiff's request for an ex parte temporary restraining order is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

 /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
Date:  June 4, 2014          UNITED STATES DISTRICT COURT